IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RUSSELL HENSLEY,**            )
                                )
        **Plaintiff,**       )
                                )
v.                              )
                                )   No. 11-4159-CM-GLR
                                )
**ORSCHELN FARM AND HOME, LLC,** )
**et al.,**                     )
                                )
        **Defendants.**      )
                                )

## MEMORANDUM AND ORDER

Plaintiff Russell Hensley originally filed this personal injury action in the district court of Shawnee County, Kansas. Defendant Orscheln Farm and Home, LLC ("Orscheln"), removed the action based on diversity, asserting that individual defendants Lucien Rivard, Eldon Glenn (through the administrator of his estate, David Rebein) and Dee Buller were fraudulently joined. Defendant World Factory, Inc., ("World") filed a notice of consent to removal. (Doc. 4.) The case is before the court on plaintiff's motion to remand (Doc. 8), and on plaintiff's motion to strike Orscheln's surreply (Doc. 19).

The rules concerning the filing of a surreply are well established in this district. Under D. Kan. Rule 7.1, parties are permitted to file a motion, a response, and a reply. Surreplies are typically not allowed. *See, e.g., King v. Knoll*, 399 F. Supp. 2d 1169, 1173–74 (D. Kan. 2005). Surreplies are permitted in rare cases where a movant improperly raises new arguments in a reply. In such a situation, leave of court must be secured before filing a surreply. Orscheln purports to file a surreply (Doc. 18), responding, in part, to an argument that it claims plaintiff did not previously raise.

However, Orscheln did not receive permission to file this surreply. The court therefore does not consider it. Plaintiff's motion to strike (Doc. 19) is denied as moot.

Because there is no reasonable possibility of recovery against the three individual defendants, they must be dismissed and the plaintiff's motion for remand must be denied.

**I.      Factual Background**

Orscheln is a Missouri Corporation, operating retail stores in Kansas. World is a Delaware corporation with headquarters in Texas and an office in Shanghai, China. The individual defendants are Kansas residents. Plaintiff is a Kansas resident who purchased scaffolding in a Dodge City, Kansas, Orscheln retail store on October 21, 2007.

According to plaintiff's complaint, plaintiff was injured in the collapse of the scaffolding he purchased from Orscheln, which was manufactured by defendant World. Defendants Rivard, Glenn, and Buller were employed by Orscheln in managerial positions on or before the date plaintiff purchased the scaffolding. Specifically, Rivard was Orscheln's Western Kansas District Manger, and Glenn and Buller were the Manager and Assistant Manager, respectively, of the Dodge City store.

Against all defendants, plaintiff asserts the following state-law claims: Strict Liability, Breach of Express Warranty; Breach of Implied Warranty of Merchantability, Breach of Implied Warranty of Fitness for a Particular Purpose; Failure to Inspect; Failure to Warn; Kansas Consumer Protection Act ("KCPA"); and negligence. Plaintiff seeks damages in excess of $75,000.

**II.     Judgment Standard**

A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at § 1447(c).  As the party invoking the federal court's jurisdiction, the defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present.  *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation omitted).  "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

The "fraudulent joinder" doctrine effectively permits a district court in a removed action to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.  *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009).  Where removal is based on an allegation of fraudulent joinder, defendant must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Prince*, 673 F. Supp. 2d at 1295 (quoting *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (citations omitted)).  The court construes all disputed questions in favor of the non-removing party.  *Id*.  In doing so, the court "consider[s] the entire record, and determine[s] the basis of joinder by any means available." *Prince*, 673 F. Supp. 2d at 1295 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).  The court's examination of affidavits or other matters of record is thus appropriate.

**III.    Analysis**

It is undisputed that the three individual defendants are or were Kansas residents, and that

they were managerial employees of defendant Orscheln. Orscheln argues the nondiverse individual defendants were joined solely for the purpose of defeating diversity, and because there is no possibility that plaintiff will recover against them, the motion to remand should be denied. Specifically, Orscheln argues:

- The strict liability claim (Count I) fails because the individual defendants are not "sellers" as required by Kansas law. *See* Restatement (Second) of Torts § 402A.

- The Uniform Commercial Code claims (Counts II, III, and IV) fail because the express warranty referenced in the complaint was given by World and not by Orscheln or the individual defendants, and the other warranty causes of action apply only to product "sellers." See Kan. Stat. Ann. §§ 84-2-313, -314, -315.

- The KCPA deceptive or unconscionable acts claim (Count VII) fails because these laws apply exclusively to the conduct of "suppliers." Kan. Stat. Ann. §§ 50-626, -627.

- The Failure to Warn and Inspect claims (Counts V and VI) fail because the individual defendants are not product sellers and have no duty to warn, inspect, or test the products sold by their employer. *See* PIK-Civ. 4th § 128.03, 128.04, 128.05.

- Plaintiff's general negligence claim fails to state a claim upon which relief can be granted because it identifies no duty or breach—other than those contained in previous counts—as to the acquisition or sale of the product.

Plaintiff's motion to remand is based on his argument that Kansas recognizes that "officers and agents of a corporation many be held personally liable for the tortious acts of the corporation and any breach of contract in which they have willfully participated." (Doc. 9 at 9–10, citing *Morris v. Allstate Corp.*, No. 08-1315-JTM, 2009 WL 1873805, at *2 (D. Kan. June 30, 2009)). Plaintiff then sets out, at some length, the portions of his complaint in which the individual defendants' names

-4-

appear or these defendants are referenced. Plaintiff suggests that the presumption against federal jurisdiction combined with the fact that plaintiff has "properly alleged tortious acts of the [three] individual employees" requires remand.[1]

However, plaintiff's reliance on *Morris* is misplaced, and his argument is self-defeating: plaintiff alleges no willful participation by the individual defendants.

In *Morris*, plaintiffs were independent contractors operating an insurance agency who filed suit in state court against the insurance company and a non-diverse officer of the company. The defendant company removed on diversity grounds, alleging fraudulent joinder of the officer. The district court held that the plaintiffs were entitled to remand because there was a possibility that the plaintiffs would be able to establish a failure-to-pay-commission claim against the officer. The plaintiffs alleged that the officer promised them that they would be paid the commission due them and that this had nothing to do with an agency agreement between them and the insurance company.

In this case, plaintiff's petition states:

> At all times material, [the individual] defendants . . . were agents, servants, and employees of defendant Orscheln and were subject to the right of control by defendant, Orscheln, while acting in their respective capacities for defendant Orscheln. They had oversight responsibility over the acquisition, inspection, evaluation, testing and sale of the utility scaffolding sold to plaintiff on or about October 21, 2007. Furthermore, all of the actions and omissions of these three individual Defendants took place while they were acting within the scope and course of their employment for defendant Orscheln. As indicated herein, the corporate Defendants . . . and the three individual Defendants share legal responsibility for the actions and omissions set out herein below.

(Doc. 1-1 at 5.)

---

[1] Plaintiff argues (1) defendant has not requested a ruling regarding the issue of claimed "fraudulent joinder"; and (2) has not met the "no possibility of recovery standard." As to the first argument, the court is uncertain what "affirmative relief" plaintiff believes defendant must request: the court believes that defendant properly offers fraudulent joinder as a ground for removal. (*See* Doc. 9 at 7.) The second issue is dispositive of the motion and is the focus of the court's analysis.

There is no allegation that the individual defendants made verbal representations to plaintiff concerning the scaffolding, or that they had a hand in encouraging the marketing of any particular product sold by Orscheln, such as the World scaffolding.  Plaintiff does not allege that these defendants were personally involved in the selection, acquisition, or purchase of this product from the manufacturer; that they were present at the store when plaintiff purchased the scaffolding; or that they personally assisted him in making the purchase.  There are no facts tending to suggest that they acted willfully in any manner toward plaintiff whatsoever.  They are named in the case based solely on their status as managerial employees.  Plaintiff's conclusory recitations regarding liability do not create an action against these defendants, and the court will not attempt to create a viable legal theory for plaintiff where there is none.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  *Compare Selens v. Wakefern Food Corp.*, No. CV044000648, 2005 WL 1331154 at *4–5 (Conn. Super. Ct. May 2, 2005) (declining to strike plaintiff's claims against retailer's general manager where claims were not product liability claims but were instead common-law negligence claims against the manager individually for failure to train, warn instruct and inspect, *i.e.*, for alleged negligence in her managerial capacity unrelated to the selling of a defective product); *Malone v. Schapun, Inc.*, 965 S.W. 2d 177 (Mo. Ct. App. E.D. 1997) (affirming, on other grounds, summary judgment against plaintiff on its negligence claims against retailer (hardware store) and its owners/managers, where petition alleged that retailer negligently supplied a tarp strap, and that owners/managers negligently selected and ordered the tarp strap; were on duty at the store when the plaintiff purchased the strap; knew or should have known of the dangerous condition of the strap; and were each negligent in failing to warn plaintiff about the dangerous nature of the tarp strap he purchased); *Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013 (E.D. Mo. 2008) (holding retail store manager not fraudulently joined in plaintiff's personal injury action against store and

manager where, under Missouri law, employees who have or assume full and complete control of employer's premises may be held personally liable to third parties in certain instances, and where petition asserted that store manager knew or should have known about risk of contaminated spinach where such had been found and recalled in other states and stores; on facts alleged, plaintiff stated possible claim against manager under Missouri law).

Kansas law recognizes that agents of a corporation who violate a duty may be held personally liable for the violation. *Kirk v. H.G.P. Corp.*, 494 P.2d 1087, 1090 (Kan. 1972); *McFeeters v. Renollet*, 500 P.2d 47, 50 (Kan. 1972). However, plaintiff has not alleged the existence of a duty or of a violation by the individual defendants independent from the allegations against the retailer and manufacturer here.

The court is mindful that the burden is not on plaintiff to establish a possibility of recovery. It is on defendant to establish that no such possibility exists. And defendant must carry this heavy burden with the added resistance of two presumptions: (1) doubts are resolved in favor of remand; and (2) disputes of fact or law are resolved in favor of plaintiff. The court will not, however, let the application of these presumptions lead to an unjust result.

### Product Liability Claims Generally, Counts I–VI

The Kansas Product Liability Act ("KPLA") applies to product liability claims involving personal injury, with the purpose of merging all legal theories of product liability into one single product liability claim. Kan. Stat. Ann. § 60-3302. *See Cooper v. Zimmer Hldgs., Inc.*, 320 F. Supp. 2d 1154, 1163 (D. Kan. 2004) (citing *Fennesy v. LBI Mgmt., Inc.*, 847 P.2d 1350, 1355 (Kan. Ct. App. 1993) (also holding that a KCPA claim does not merge with KPLA claim.)). One of the bases for defendant's argument that the individual defendants are not "sellers" for purposes of Counts I through VI is that, to be a "seller" one must be able to transfer title. Plaintiff is correct that decisions

issuing from this district have assumed that the term "product seller" as used in the KPLA does not include a "transfer of title" requirement. *Cooper*, 320 F. Supp. 2d at 1162 (holding that the Kansas Legislature defined a "product seller" under the KPLA as an entity, including a distributor, engaged in the sale of a product. The KPLA's definition does not include a "transfer of title" requirement in its definition.) This is at least in part because the KPLA is designed to cover "a manufacturer, wholesaler, distributor, or retailer of the relevant product." Kan. Stat. Ann. § 66-3302(a). No Kansas statute or Kansas case, however, has definitely stated that the KPLA does not or cannot cover individual employees of these persons or entities.

For example, the court looks to plaintiff's strict liability claim. Kansas has adopted § 402A of the Restatement 2d of Torts which states in pertinent part:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Plaintiff suggests that, because no case has specifically decided that an individual employee of a retailer cannot be a "seller" under the Restatement, the ambiguity should be resolved in his favor. The court disagrees.

The court can find no case in which a plaintiff has been permitted to proceed on a theory of strict liability against an individual employee of a retailer or manufacturer. Nor would such an action serve the purposes for which strict liability is imposed. As recently as last year the Kansas Supreme Court identified the policy rationales for imposing strict liability for foreseeable injury to third parties: "(1) 'a desire to achieve maximum protection for the injured party'; (2) promotion of 'the public interest in discouraging the marketing of products that have defects that are a menace to the public,' [citation omitted] ; and (3) a desire to protect consumer expectations." *Gaumer v. Rossville*

*Truck & Tractor Co., Inc.*, 257 P.3d 292, 303 (Kan. 2011) (quoting *Kennedy v. City of Sawyer*, 618 P.2d 788, 794; *Lester v. Magic Chef*, 641 P.2d 353 (Kan. 1982)). "Under the doctrine of strict liability the liability of a manufacturer and those in the chain of distribution extends to those individuals to whom injury from a defective product may reasonably be foreseen. . . ." *Kennedy*, 618 P.2d at 794; *see also* 72A C.J.S. Prod. Liab. (III) (B) (1–5), and § 71 (2011).

In *Gaumer*, these policy considerations favored extending strict product liability to sellers of used goods. In this case, however, the same considerations do not favor extending strict liability to the individual employees of retailers or manufacturers. The purpose of discouraging the marketing of defective products would not be furthered by extending strict liability to the individual employees of retailers or sellers, at least where there is no suggestion that they could have discouraged the production and manufacturing of a defective product.

The court is mindful that the "no possibility of recovery" standard is a heavy one. And the court is mindful that this standard is accompanied by two presumptions: (1) doubts are resolved in favor of remand; and (2) disputes of fact or law are resolved in favor of plaintiff. However, the court concludes that there is no reasonable basis to believe that, under the facts as alleged in the complaint, the Kansas Supreme Court would recognize the individual defendants as "sellers" for purposes of plaintiff's claims. Plaintiff cannot rely on such an "ambiguity" to compel remand.

The court is satisfied, based on the facts pleaded in the petition and the law of the State of Kansas, that there is no *reasonable* possibility that plaintiff would be able to establish that Lucien Rivard, Eldon Glenn, or Dee Buller are strictly liable for plaintiff's injuries; that they violated a duty owed to plaintiff; or that they are otherwise liable under the KPLA, the KCPA, or the UCC.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike Orscheln's surreply (Doc. 19)

is denied as moot.

**IT IS FURTHER ORDERED** that the individual defendants are dismissed with prejudice.

Dated this 27th day of February, 2012, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**